UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **MIRNA RINCON** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | § |
| | § EP-16-CV-00055-DCG |
| **WAL–MART STORES TEXAS, LLC,** | § |
| and **MICHAEL GONZALEZ,** | § |
| | § |
| **Defendants.** | § |
| | § |

## ORDER

Presently before the Court is Defendant Michael Gonzalez's ("Gonzalez") "Motion to Dismiss" ("Motion") (ECF No. 7), filed on March 24, 2016. After carefully considering the Motion and the applicable law, the Court enters the following order.

### I.   BACKGROUND

Plaintiff Mirna Rincon ("Plaintiff) filed her Original Petition in the County Court at Law No. 7, sitting in El Paso County, Texas, on January 6, 2016. *See* Notice, Ex. A ("Original Petition") 1–6,[1] ECF 1. On March 18, 2016, Plaintiff filed an amended complaint alleging causes of action against Defendant and co–defendant Wal–Mart Stores Texas, LLC, ("Wal–Mart Stores") stemming from a slip–and–fall incident that occurred on or about January 23, 2014. *See* Am. Compl. 2–4, ECF No. 5.

Wal–Mart Stores was served with the Original Petition on January 25, 2016. *See* Notice 1–2. Wal–Mart Stores timely removed the matter to federal court on February 18, 2016, based

---

[1] Defendant's Notice of Removal, Exhibit A, contains multiple documents, but the Court cites to each internal document pagination, e.g., Notice of Removal pages 8–13 corresponds to Original Petition pages 1–6.

on diversity jurisdiction. *See* Notice 2; *see also* 28 U.S.C. § 1446(b) (stating that party has thirty days to remove an action after receipt of initial petition). Plaintiff is a citizen of Texas for diversity jurisdiction purposes. *See* Am. Compl. 1. Wal–Mart Stores is a limited liability company both registered and with its principal place of business in Bentonville, Arkansas. *See* Notice 3. Gonzalez is a citizen of Texas. *See* Am. Compl. 1

Wal–Mart Stores and Gonzalez argue that Gonzalez was fraudulently joined in order to defeat diversity jurisdiction. *See* Notice 2; Mot. 2–3. Gonzalez contends that Plaintiff has failed to allege that Gonzalez owed Plaintiff an independent duty, and therefore, under Texas law, is not individually liable. *See* Mot. 3–4. Accordingly, Gonzalez asks that the Court dismiss him from the case and, it follows, that he not be considered for the purpose of determining whether this Court has proper jurisdiction. *See id.* at 5.

Plaintiffs have not challenged the Motion nor the Notice by filing a motion to remand or a response.

## II. ANALYSIS

Because Plaintiffs have failed to challenge the claim of fraudulent joinder, the Court must on its own consider both the Motion and the Notice as both relate to whether the Court has proper subject matter jurisdiction. *See Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (stating that a court must have jurisdiction before determining the validity of a claim). Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441(a). "[F]ederal courts [have] jurisdiction to hear, originally or by removal from state court, only those cases in which a well–pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr.*

*Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). To have federal subject matter jurisdiction, the cause of action must "aris[e] under the . . . laws . . . of the United States." 28 U.S.C. § 1331.

District courts also have original jurisdiction in all civil actions where the matter in controversy "exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). This is known as diversity jurisdiction. Jurisdiction under this statute requires "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Once a civil action is removed to federal court, a plaintiff may challenge the removal by filing a motion to remand pursuant to 28 U.S.C. § 1447(c). A party may only make a motion to remand on the basis of any defect other than lack of subject matter jurisdiction within thirty days after the filing of the notice of removal under section 1446(a). *See* 28 U.S.C. § 1447(c). Any defect that does not involve the question of whether the case *originally* could have been brought in federal district court is merely a defect in removal procedure, rather than jurisdictional defect. *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991). Here, because the defect involved affects the original jurisdiction of the Court, the Court must raise the issue *sua sponte* despite Plaintiffs' failure to do so.

Removal statutes are to be strictly construed against removal. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 n.13 (5th Cir. 1988). Any ambiguities are construed against removal and in favor of remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Defendant removed on the basis of diversity jurisdiction. *See* Notice 2–4. However, Gonzalez is a citizen of Texas, and thus absent fraudulent joinder, the Court lacks subject matter jurisdiction.

A district court is prohibited by statute from exercising jurisdiction over a suit in which any party has been fraudulently joined to manipulate federal diversity jurisdiction. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (citing 28 U.S.C. § 1359). There are two ways to establish fraudulent joinder: 1) actual fraud in a plaintiff's pleading of jurisdictional facts, or 2) showing that there is no possibility of recovery by a plaintiff against an in–state defendant in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (stating that a court may disregard a non–diverse or local defendant when a plaintiff has no possibility of establishing a cause of action against the non–diverse or local defendant under applicable state law).

In the instant case, Gonzalez urges the Court to find improper joinder under the second prong. A determination of fraudulent joinder under the second prong must be based on an analysis of the causes of action alleged in the complaint at the time of the removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Bourne v. Wal–Mart Stores, Inc.*, 582 F. Supp. 2d 828, 834 (E.D. Tex. 2008).

The Texas Supreme Court has held that corporate employees act on behalf of the corporation when the acts or omissions are within the scope of employment. *See Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996). Because a corporation acts only through its corporate employees, a corporate employee's acts on the corporation's behalf are deemed corporate acts. *See id.* at 117–18; *see also Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005).

A corporate employee, however, may still be found personally liable for his own fraudulent or tortious acts. *See Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) (citations omitted). Specifically,

> [t]he rule regarding individual liability for negligence in the employment context is that a corporate officer or agent can be liable to others, including other company employees, for his or her own negligence only when the officer or agent owes an 'independent duty of reasonable care to the injured party apart from the employer's duty.'

*Kingston v. Helm*, 82 S.W.3d 755, 761 (Tex. App.—Corpus Christi 2002, pet. denied) (quoting *Leitch*, 935 S.W.2d at 117). "The existence of a legal duty is a question of law for the court to decide, and that determination is made from the facts surrounding the occurrence in question." *Tri*, 162 S.W.3d at 563 (citations and internal quotation marks omitted).

Here, Plaintiff claims that Gonzalez failed to "hire, supervise, train, or retain competent employees to avoid harm" and such failure proximately caused Plaintiff's injuries. *See* Original Pet. 3–4. Such a general claim against individual employees has routinely been dismissed by the district courts in this circuit on improper joinder grounds. *See Mascorro v. Wal–Mart Stores Inc.*, No. EP–15–CV–00112–FM, 2015 WL 3447987, at *3 (W.D. Tex. May 28, 2015) (finding improper joinder when plaintiff who alleged that corporate manager "was responsible for: hiring, training, testing, supervising, and firing employees" failed to allege an independent duty); *Lyle v. 24 Hour Fitness, USA, Inc.*, No. A–14–CA–300–LY, 2014 WL 5094126, at *4–5 (W.D. Tex. Oct.10, 2014) (collecting cases and holding that there was no reasonable basis for the plaintiff to recover against the defendant manager who was not personally involved in, or directed, any activity leading to the plaintiff's injury); *Solis v. Wal–Mart Stores East, L.P.*, 617 F. Supp. 2d 476, 481 (S.D. Tex. 2008) (asserting that "there is no reasonable possibility that a plaintiff can

bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties").

Similarly, any duty Gonzalez owed to Plaintiff in adequately training and supervising employees and enforcing policies and procedures arose solely from his duties as a member of store management. Plaintiff therefore fails to show that Gonzalez owed an independent duty of reasonable care. Consequently, Gonzalez was improperly joined and should not be considered for the purpose of determining the Court's subject matter jurisdiction.

### III.   CONCLUSION

Accordingly, a review of the relevant facts and case law reveals that the Court does not lack subject matter jurisdiction and the case may proceed. Although no federal question is presented, complete diversity of citizenship exists between the parties, as the in–state defendant was improperly joined and will be dismissed, and the amount in controversy exceeds $75,000.00.

**IT IS HEREBY ORDERED** that Defendant Michael Gonzalez's "Motion to Dismiss" (ECF No. 7) is **GRANTED.**

**IT IS THEREFORE ORDERED** that any and all claims against Defendant Michael Gonzalez are **DISMISSED WITH PREJUDICE.**

**IT IS ALSO ORDERED** that the **CLERK OF THE COURT** shall **TERMINATE** Defendant Michael Gonzalez from the above captioned and numbered cause of action.

So ORDERED and SIGNED this ___8th___ day of June, 2016.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE